FILED
DISTRICT COURT
[ILLEGIBLE] SION

[ILLEGIBLE] AUG 24  AM 10: 44

[ILLEGIBLE] DISTRICT
OF INDIANA
LAURA A. BRIGGS

Complaint for a non-incarcerated individual to assert a civil rights violation

**KEVIN DENNIE AVAMS**
Full name(s)

**307 W. STANSIFER AVE #3**
Street address or postal box number

**CLARKSVILLE IN 47129**
City, State and zip code

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

Civil Action No. **4:06-CV-0120 SEB - WGH**
(To be supplied by the Court)

**KEVIN DENNIE AVAMS**

_____ Plaintiff(s)
Full name(s) (Do not use et al.)

v. **RETAIL VENTURES INC.**

_____ Defendant(s).
Full name(s) (Do not use et al.)

# CIVIL RIGHTS COMPLAINT

## A. PARTIES

1. I, KEVIN DENNIE ADAMS, am a citizen of _____ (State)
   (Plaintiff name(s))

   and presently reside at 302 W. STANSIFER AVE #3 CLARKSVILLE IN 47129
   (Mailing address)

2. Defendant RETAIL VENTURES INC. is a citizen of _____ (State) 43224
   (name of first defendant)

   whose address is 3241 WESTERVILLE ROAD COLUMBUS OH.

3. Defendant _____ is a citizen of _____
   (name of second defendant)                          (State)

   whose address is _____.

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. This cause of action is brought pursuant to TITLE VII OF THE 1964 CIVIL RIGHTS ACT

2. _____ Jurisdiction also invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.

On Friday, JANUARY 13, 2006 I WAS TOLD THAT my continued employment was contingent upon me giving/attending worship on Sundays and Wednesday nights. This incident was the latest in a line of religious harassment.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I**: "See Attached"

**Supporting Facts**: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

"See Attached"

**Claim II**:

**Supporting Facts**: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

"See Attached"

**Claim III**:

**Supporting Facts**: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

"D. Cause of Action." Claim I

In late August of 2005 while performing my duties with Retail Ventures Inc. (dba: Value City Department Stores) A customer approached me and asked if I would be willing to watch her cart while she went to drive her car up to the front door because it was raining. I told her that from where I was standing I would and that I did not want to approach the door because rain was blowing in. As I was watching the cart, the jewelry manager Vicki Metzger approached me and asked why I was unwilling to stand with the cart near the door. I replied that I could see the cart and that I did not want to get wet. Vicki again stated that she thought I should move closer to the door then added "I thought you religious people were supposed to be nice." I was offended that Vicki would make such a derogatory statement concerning my religion life and hoped that she would apologize. After waiting a week I approached the General Manager of the store Phillip Krumholz. I told Mr. Krumholz about the comment and his reply was that "While it was a stupid comment, he was not going to fire anyone over it and that he did not even want to know the name of the person who had made the comment". Two days later I approached the operations manager Debi Marino and told her about the comments made first by Vicki Metzger then by Mr. Krumholz. She replied that since Mr. Krumholz was not going to do anything about the comments then neither was she. This in spite of the fact that, in the corporation/company hand book and posted through out the store are posters stating that the corporation/company has a ZERO tolerance policy concerning harassment of all types including religious.

"D. Cause of Action" Claim II

In November of 2001 I applied to Value City Department Stores (Corporate name RVI) for a position as a Door Greeter. On my application, I clearly marked out my availability to work on Sundays and Wednesday nights due to my commitments of worshiping at church during those times. I was called soon afterwards and told that I was to be hired and that my first day would be Sunday. I replied that I would not be available to work that day and reminded the manager that called me that all day Sunday and as well as Wednesday nights was crossed out. I was then told that the position was no longer available to me. I tried to call the General Manager but was informed that he was not available. I then contacted the District Manager Mr. Dave Gruen to find out why the job was offered and then retracted when I would not give up my times of worship. Mr. Gruen told me that if "We (RVI/Value City) told you that you had a job then you have a job". I began work on December 10th 2001. On Monday November 7th of 2005 a new General Manager began working at the store Martin Hardin. On Tuesday November 8th 2005 we introduced ourselves to each other. At that time I informed him of my religious commitments and the agreement I had with the company. On Tuesday November 15th I received the schedule for the work week of November 20th –November 26th. On that schedule I noticed that I was scheduled for work on Sunday November 20th. I approached my supervisor Debi Marino and asked her about the schedule. She told me that the schedule could not be changed per Mr. Hardin and if I didn't come in that Sunday I would have to find another job. I then approached Mr. Hardin on Thursday November 17th to remind him about my Sunday commitments. He questioned me about the matter and said he would get back to me. He did not. In the interim, I placed a call to the U.S. EEOC concerning this and the matter of August 2005. The national switchboard told me these my situation did fit under the umbrella of harassment and discrimination pursuant to Title 7 of the 1964 Civil Rights Act. They gave me the phone number to the Indianapolis field office. I spoke with Federal Investigator: Brien L. Shoemaker who opened a complaint. I did not report for work on Sunday November 20th choosing to use a paid day off instead. I called in 8+ hours ahead of my assigned shift. The next day Mr. Hardin confronted me and told me that I could not take off whenever I wanted. I informed him that I had paid days off to use at my discretion and that I had spoken to him about the matter days earlier and that he did not get back with me. At this Mr. Hardin walked away. On Thursday December 15, 2005 I received the notice of the EEOC complaint was filed and sent to RVI. On Friday January 13th 2006 Mr. Hardin called me to his office. There he informed me that my position was to be eliminated and that the only place he knew to re-assign me was the stock room. I told him that I didn't believe that I could physically do the job and that they currently had 7 other stockmen but I would attempt to do so. It was at that time Mr. Hardin further informed me that my re-assignment and continued employment with RVI was to be contingent upon me giving up my Sundays and Wednesday nights. I reminded him of the reason to have those times off. Mr. Hardin replied that RVI might be able to allow me an occasional time off to worship but he couldn't promise how many or even when. When I pointed out that RVI provides a flexible schedule for people who work two jobs, work and go to school and for ladies who don't work nights and that the current application advertised that RVI

provides for flexible schedules I was told that if I could not be available whenever RVI needed me then I was to finish out the week and that would be the end of it.

"D. Cause of Action" Claim III

On Friday January 13th 2006 I was wrongfully discharged from my employment with RVI (dba: Value City Department Stores) in violation of Title 7 of the 1964 Civil Rights Act. That evening I filed my unemployment claim with State of Indiana Workforce Development. During the course of the next 30 days I spoke on several occasions with Mr. Mario Vian a Deputy with the State of Indiana Workforce Development. He stated that it would be himself who would make the determination of eligibility. After receiving the response from RVI, Mr. Vian informed me that according to RVI/Value City they did not quit but rather I terminated employment of my own accord (this excuse was also presented to the EEOC). I asked Mr. Vian two questions. 1.) Who in their right mind would leave a job with health benefits, paid vacations and a 401K without something better to go to? 2.) Even if I was to leave, Why would I choose to do so two weeks after Christmas when the competition for employment was at its' height? It was at that point that Mr. Vian said that I would be awarded my unemployment. The official determination was mailed on February 14, 2006. RVI had 10 days to appeal this determination. They chose not to respond. The determination was finalized on February 24, 2006. During this time RVI was notified of the Second of two charges made against them by myself to the EEOC. On June 8th 2006, I was notified that RVI was attempting to challenge my unemployment on May 19, 2006 a full 84 AFTER the deadline and a full 94 days after eligibility was granted in my favor. This belated appeal was dismissed 24 hours after it was sent to me. I had hoped that would be the end of this matter yet my unemployment was furthered challenge by RVI and further rejected first by an administrative review judge then by a review board who upheld the judges' decision.

## E. PREVIOUS LAWSUITS

Have you been or are you now a party to any other lawsuit(s) in state or federal court dealing with the same facts involved in this action?  ____Yes  _X_ No.

If your answer is "Yes," describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits using this same format on a blank sheet which you should label "E. PREVIOUS LAWSUITS.")

a. Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

b. Name and location of court and docket number _____

c. Disposition of lawsuit. (For example, was the case dismissed? Was it appealed? Is it still pending?)
_____

d. Issues raised:

e. Approximate date of filing lawsuit:

f. Approximate date of disposition:

## F. REQUEST FOR RELIEF

I request the following relief:

_____          *Kevin V. Adams*
Original signature of attorney (if any)          **Plaintiff's Original Signature**

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is **true and correct**.

Executed at __NEW ALBANY__ on __August 24, 2006__
              (location)                          (date)



                                       **Plaintiff's Original Signature**

__X__    I request the Court's assistance in serving process on the defendant(s).